IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE BROUSSARD | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv584 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant George Broussard, a prisoner at the Houston County Jail located in Dothan, Alabama, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On August 11, 2021, following a plea of guilty pursuant to a written plea agreement before this court, movant was adjudged guilty of Count Two of the Indictment, charging him with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). On January 19, 2022, movant was sentenced to a term of 100 months in prison, a term of three years on supervised release, and a mandatory assessment of $100.

On January 31, 2022, movant appealed his conviction and sentence to the Fifth Circuit Court of Appeals. Movant's direct appeal remains pending before the court of appeals. *See United States v. Broussard*, No. 22-40062 (5th Cir. 2022).

The Motion to Vacate

Movant brings this motion to vacate, set aside or correct sentence asserting counsel is not acting in his best interest and has become ineffective on his behalf.

Analysis

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). Following a conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

The Fifth Circuit has long held that a criminal defendant may not collaterally attack his conviction while a direct appeal is pending. "A criminal defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal." *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011); *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988). A § 2255 motion brought while a direct appeal is pending is not ripe for review. *Bernegger*, 661 F. 3d at 241.

Here, movant's direct appeal remains pending before the Fifth Circuit Court of Appeals. Accordingly, the motion to vacate should be dismissed without prejudice to movant's ability to reassert his claims following a determination of the merits of his direct appeal.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge